IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM E. BOWHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-601-WKW |
| ) | [wo] |
| JOHNSON & JOHNSON, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 6, 2010). For good cause, the Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **GRANTED** and this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I. PARTIES AND COMPLAINT

On July 14, 2010, Plaintiff, William E. Bowhall ("Bowhall" or "Plaintiff") brought eight lawsuits in this district, including the case referenced in this report. Bowhall brings

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

this action against Johnson & Johnson, Inc. ("Johnson & Johnson") and its parent company, McNeil-PPC, Inc. ("McNeil")[2]. As best as this Court can tell from the face of the Complaint, Bowhall appears to allege four distinct causes of action: (1) fraud, (2) breach of fiduciary duty, (3) breach of implied contract, and (4) violation of federal antitrust law pursuant to 15 U.S.C. §15 *et. seq*. Bowhall alleges that these counts arise from Johnson & Johnson's fraudulent acquisition of Bowhall's angle headed toothbrush design.

Bowhall contends that he designed the original angle headed toothbrush at the age of fourteen years. The angle headed toothbrush is designed for oral hygiene and the United States Patent Office issued a patent on the design in 1989.[3] According to the patent, the angled bristle head provides superior cleansing of the lingual, buccal, embrasure, and distal aspects of the teeth and gums. Bowhall claims that Johnson & Johnson's Reach® toothbrush incorporates his angle headed toothbrush design. Doc. 1 at 2. Bowhall claims that his design replicates the shape of a dental instrument to help the user "reach" the hard to clean areas of the mouth. Doc 1. at 2.

Bowhall alleges that in 1975 he presented the angle headed toothbrush design to his teacher, Mr. Powelson, as part of a school assignment at Howell High School in

---

[2] Though Bowhall names McNeil-PPC, Inc. in the style of his complaint, Bowhall alleges no substantive allegations against McNeil-PPC, Inc.

[3] U.S. Patent No. 4,800,608, (issued Jan. 31, 1989) (available at http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO1&Sect2=HITOFF&d=PALL&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.htm&r=1&f=G&l=50&s1=4,800,608.PN.&OS=PN/4,800,608&RS=PN/4,800,608, (last viewed on September 17, 2010)).

Michigan.[4] Bowhall claims that a representative of Johnson & Johnson attended the presentation and that the representative obtained copies of the design from Bowhall. According to Bowhall, the representative presented Bowhall with a retainer check and agreed to pay a percentage of the profits to a trust account for the benefit of Bowhall. Bowhall also claims that a percentage of the profits were to be used to purchase land for a new school in Howell, Michigan. Though Johnson & Johnson never established the accounts, the school was built anyway. Doc 1 at 3.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits

---

[4] It is unclear whether Bowhall is alleging that he created the angle headed toothbrush design in 1974 or 1975. Bowhall claims he invented the angle headed toothbrush in 1975. Doc 1. at 1. However, he demands damages from 1974. Doc. 1 at 3. The result, however, will be the same no matter which date is used. The Court uses 1975 because it is the date that is most favorable to Bowhall.

by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*).  At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).  A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are

"indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[5]

The complaint filed by Bowhall satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court finds that the complaint warrants dismissal without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

**A.    FRAUD**

Bowhall's fraud cause of action should be dismissed as barred by Alabama's two-year statute of limitations.[6] *See Jones v. Kassouf & Co., P.C.*, 949 So.2d 136, 139 (Ala. 2006) (citing ALA. CODE § 6-2-38). In fraud actions, the running of the statute does not commence until Bowhall discovers the fraud, or discovers facts, which in the exercise of reasonable care, would have led him to have discover the fraud. *See Dickinson v. Land Dev. Const. Co., Inc.*, 882 So.2d 291, 298 (Ala. 2003) (citing the "discovery rule" in

---

[5]    *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[6]    Bowhall's action is brought in this District on grounds of diversity jurisdiction pursuant to 28 U.S.C. §1332. Thus, Alabama law applies to any issues not governed by the Constitution of the United State or Act of Congress. *See* 28 U.S.C. §1652;  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

ALA. CODE § 6-2-3 (1975)); *see also Wheeler v. George*, 39 So.3d 1061, 1081 (Ala. 2009) (citing ALA. CODE § 6-2-3 (1975)); *Papastenfan v. B & L. Const. Co., Inc. of Mobile*, 356 So. 2d 158, 160 (Ala. 1978) (citing ALA. CODE § 6-2-39 (1975)).

Bowhall alleges a fraud that occurred well outside of Alabama's two-year statute of limitation. In fact, Bowhall alleges a fraud that occurred more than thirty years ago in 1975. Bowhall's complaint offers no basis for a tolled statute of limitations. Even according to Bowhall, Johnson & Johnson did not conceal the existence of the angle headed toothbrush design. Bowhall's complaint alleges that Johnson & Johnson began advertising the angle head toothbrush design sometime around 1979-1980. Doc. 1 at 2. Furthermore, Johnson & Johnson's angle headed toothbrush design is advertised in grocery stores, drugstores, print media, and on television. Bowhall gives no justification whatsoever for filing his fraud claim over thirty years after the running of the statute of limitations. Therefore, the Court should dismiss Bowhall's fraud claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because his fraud action is barred by the Alabama two-year statute of limitations.[7]

## B.     BREACH OF FIDCUIARY DUTY

Bowhall's complaint alleges that Johnson & Johnson breached its fiduciary duty to

---

[7] Bowhall's fraud cause of action stems from acts that occurred in Michigan. However, the alleged fraud continued to occur even after Bowhall moved to Alabama. Bowhall filed this complaint in this district; therefore, this opinion applies the applicable Alabama statute of limitations. Bowhall's claim, however, would also be barred by Michigan's six-year statute of limitations. *See* 2000 MICH. COMP. LAWS ANN. § 600.5813 (2000).

Bowhall when it acquired his design of the angle headed toothbrush. Bowhall alleges that a "representative" of Johnson & Johnson attended Bowhall's high school class during a presentation of Bowhall's angle headed toothbrush design. Doc. 1 at 2. Like his fraud action, Bowhall's claim for breach of fiduciary duty cannot survive Alabama's two-year statute of limitations. *See* ALA. CODE §6-2-38(l) (1975); *Hensley v. Poole*, 910 So.2d 96, 101 (Ala. 2005) (citations omitted).

Johnson & Johnson's advertisement of its Reach® toothbrush, which Bowhall claims began in 1979-80, placed Bowhall on notice of Johnson & Johnson's alleged breach of fiduciary duty. Nothing in Bowhall's complaint provides a basis for a tolled statute of limitations. Bowhall should have discovered the alleged breach of fiduciary duty once Johnson & Johnson's began advertising the angle headed toothbrush design. In Alabama, Bowhall's cause of action or breach of fiduciary duty does not survive the two-year statute of limitations.[8] Therefore, Bowhall's action for breach of fiduciary duty should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) because the alleged breach of fiduciary duty action barred by the Alabama's two-year statute of limitations.

C.  **BREACH OF IMPLIED CONTRACT**

Bowhall claims that the Defendant breached an implied contract by exploiting his

---

[8] Bowhall's breach of fiduciary duty cause of action stems from acts that occurred in Michigan. However, the alleged fraud continued to occur even after Bowhall moved to Alabama. Bowhall filed this complaint in this district; therefore, this opinion applies the applicable Alabama statute of limitations. Bowhall's claim, however, would also be barred by Michigan's three year statute of limitations. *See* 2000 MICH. COMP. LAWS. ANN. § 600.5805(10) (2000).

design of the angle headed toothbrush without paying him a percentage of the proceeds. The implied contract allegedly arises from Bowhall's meeting with a representative of Johnson & Johnson the day he presented the design to his class at Howell High School in Michigan. According to Bowhall's complaint, the representative agreed to pay a percentage of the proceeds from the sale of the angle headed toothbrush design to a trust established for the benefit of Bowhall. Bowhall appears to claim that the alleged contract was implied in his conversations with the Johnson & Johnson representative who attended his school presentation. Bowhall's claim runs afoul the statute of limitations. Bowhall's claim of implied contract must be filed within three years of the date on which the claim accrues as prescribed by ALA. CODE §6-2-37 (1975). *C.f. White v. Sikes, Kelly, Edwards and Bryant, P.C.*, 410 So.2d 66, 69 (holding that an implied contract is merely an open account under Alabama law).

    Although Bowhall does not specify a date when the breach first occurred, Bowhall implies that the breach of implied contract occurred when Johnson & Johnson began advertising the angle headed toothbrush for sale sometime around 1979 or 1980. Doc. 1 at 2. Johnson & Johnson's advertisement of the Reach toothbrush design is sufficient to put Bowhall on notice of the alleged breach of contract. Thus, the Court can surmise from the face of the complaint that Bowhall alleges a breach of contract and the alleged breach occurred more than thirty years ago. As a result, Bowhall's claim of breach of implied contract should be dismissed pursuant to 28 U.S.C. §1215(e)(2)(B) as barred by the

Alabama's three year statute of limitations.[9]

### D.   VIOLATION OF ANTITRUST LAW

Bowhall alleges that the Johnson & Johnson violated federal antitrust laws when it fraudulently obtained Bowhall's design of the angle headed toothbrush. Specifically, Bowhall contends that Johnson & Johnson conspired to stifle competition by acquiring his design and appropriating the design for its own use without his authorization.[10] Federal antitrust law grants a private individual a cause of action for damages arising from an antitrust violation. *See* 15 U.S.C. §15 (2006).

Under federal antitrust law, a cause of action begins to accrue and the statute of limitations begins to run the moment the defendant commits the wrongful act. *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 827 (11th Cir. 1999). Bowhall alleges that Johnson & Johnson violated antitrust law when it fraudulently acquired his design of the angle headed toothbrush in 1975. Thus, Johnson & Johnson's alleged violation of federal antitrust law occurred well over thirty years ago. A plaintiff must file his claim within four years of the defendant's injurious act. *Id.* (citing 15 U.S.C. § 15(b) (2006)). Clearly, Bowhall did not bring his claim within the applicable statute of

---

[9] Bowhall's breach of implied contract cause of action stems from acts that occurred in Michigan. However, the alleged breach of implied continued to occur even after Bowhall moved to Alabama. Bowhall filed this complaint in this district; therefore, this opinion applies the applicable Alabama statute of limitations. Bowhall's claim, however, would also be barred by Michigan's three year statute of limitations. *See* 2000 MICH. COMP. LAWS ANN. § 600.5805(10) (2000).

[10] Bowhall does not allege to have ever held a patent for the design, nor does he allege that his application for a patent was ever denied by the U.S. Patent Office. See Doc. 1 generally.

limitations. As a result, Bowhall's claim of damages for the Defendant's anticompetitive actions is barred by the statute of limitations set forth in 15 U.S.C. § 15(b). Therefore, the Bowhall's action for damages resulting from the Defendant's alleged anticompetitive actions should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)　Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **GRANTED**.

(2)　Bowhall's claims against Defendant Johnson & Johnson, Inc. and McNeil-PPC., Inc. be **DISMISSED** prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (ii).

(3)　Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to this Recommendation on or before **October 6, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 22nd day of September, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE