IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. BOWHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-601-WKW |
| | ) | |
| JOHNSON & JOHNSON, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On September 22, 2010, the Magistrate Judge filed a Report and Recommendation in this case. (Doc. # 4.) On October 6, 2010, Plaintiff William E. Bowhall filed a Request to Proceed - In Pro-Se, which after review, the court construes as an objection. (Doc. # 5.) The court has conducted a *de novo* review of those portions of the Report and Recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1).

In Plaintiff's largely incoherent objection, the court distills one pithy argument, "[w]hen does the statute of limitations begin and when does it end?" (Doc. # 5, at 5.) Plaintiff answered the first inquiry in the Complaint, and the Magistrate Judge answered the latter inquiry in the Report and Recommendation. By alleging in the Complaint that Johnson & Johnson began national television advertising of the Reach toothbrush in 1979-80, Plaintiff leaves no doubt that all of his claims accrued no later than 1980, thirty years ago. (Doc. #

1, at 2.)  Plaintiff presented no arguments sufficient to toll the statute of limitations.[1]  As the Magistrate Judge explained in detail, Plaintiff cannot escape the fact that his thirty-year-old claims are time barred under even the most generous construal of his legal theories.[2]  (Doc. # 4, at 5-10.)  Likewise, Plaintiff's ignorance of law arguments do nothing to dust the cobwebs off a long dead statute of limitations clock.  (Doc. # 5, at 4-5.)  Finally, Plaintiff's claim that he did not discover the toothbrush design fraud until a December 2009 visit to Lowe's Home Improvement raises more concerns about Plaintiff's credibility than it does about Lowe's foray into the toothbrush market.  (Doc. # 5, at 3.)

Accordingly, it is ORDERED as follows:

1. Plaintiff's objection (Doc. # 5) is OVERRULED.

2. The Magistrate Judge's Report and Recommendation (Doc. # 4) is ADOPTED.

3. Plaintiff's motion to proceed *in forma pauperis* (Doc. # 2) is GRANTED.

---

[1] Plaintiff alleges he was fourteen years old in 1975 when he presented the design for the Reach toothbrush to his teacher, Mr. Powelson, and Johnson & Johnson representatives. (Doc. # 1, at 1-2; Doc. # 5, at 3-5.)  Thus, Plaintiff was at least nineteen years old in 1980, obviating any inquiry into tolling of the statute of limitations due to his minority in 1975. (Doc. # 5, at 3, 5);  Ala. Code § 26-1-1 (1975) ("Any person in this state, at the arrival at the age of 19 years, shall be relieved of his or her disabilities of minority."); Mich. Comp. Laws § 722.52 (2002) ("[A] person who is at least 18 years of age on or after January 1, 1972, is an adult of legal age for all purposes whatsoever.").

[2] On the anti-trust claim, Plaintiff has not alleged sufficient facts for tolling of the statute of limitations on the basis of a "continuing antitrust violation."  *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 827-28 (11th Cir. 1999).

4.  Plaintiff's claims against Defendants are DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). An appropriate final judgment will be entered.

DONE this 12th day of October, 2010.

                                          /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE